# UNITED STATE DISTRICT COURT
## DISTRICT OF DELAWARE

NIKOLAOS KATSOLIS, a resident and )
citizen of the Hellenic Republic (Greece), )
PANAGIOTIS MATHESIS, a resident and )
citizen of the Hellenic Republic (Greece), )
EDWARD BARNACHEA FLORES a )
resident and citizen of the Philippines, )          CASE NO.:
RICHARD DAGASDAS CABARUBIAS, a )
resident and citizen of the Philippines, )
SPYROS ADRAMITOGLOU a resident and )
citizen of the Hellenic Republic (Greece), )
NIKOLAOS BOGIAKIS, a resident and )
citizen of the Hellenic Republic (Greece), )
NIKOLAOS VASTARDIS, a resident and )
citizen of the Hellenic Republic (Greece), )
NILO GANADILLO LUNETA a resident and )
citizen of the Philippines, )
ALY HASSAN REFAEY HASSAN a resident )
and citizen of the Arab Republic of Egypt, )
DENNIS LIBRANDO VILLON a resident )
and citizen of the Philippines, )
STAVROS LYMPERIS, a resident and )
citizen of the Hellenic Republic (Greece), )
JUANITO DUMAPAY STA. MARIA, a )
resident and citizen of the Philippines, )
MARIUS-OCTAVIAN DIUDEA-SINEA, a )
resident and citizen of Romania, )
CHRYSOSTOMOS PAGONIS, a resident )
and citizen of the Hellenic Republic (Greece), )
LEO ABUAN LAIGO, a resident and citizen )
of the Philippines, )
LESTER BALOG MARASIGAN, a resident )
and citizen of the Philippines, )
NORMAN ARBOL MELGAZO, a resident )
and citizen of the Philippines, )
RONILO SALAZAR SEVILLA, a resident )
and citizen of the Philippines, )
LOPE CONSTANTINO TORRES, a resident )
and citizen of the Philippines, )
CHRISTIAN LOS BANES ANGURING a )
resident and citizen of the Philippines, )
JOHN KIRBY NOVAL DOLDOLEA, a )
resident and citizen of the Philippines, )
DEN ISRAEL MAHILAC, a resident and )
citizen of the Philippines, )
                                              )

1

JESS TORNEA BENDICIO, a resident and )
citizen of the Philippines, )
MARK ANTHONY SUARNABA JUELAR, a )
resident and citizen of the Philippines, )
ZALDY LARESMA REGADILLO, a )
resident and citizen of the Philippines, )
MARLON CARINGAL AGBING, a resident )
and citizen of the Philippines, )
FELMAR VALENCIA SANCHEZ, a resident )
and citizen of the Philippines, )
ABDOU SHEHATA BAHNASSI ASHRAF a )
resident and citizen of the Arab Republic of )
Egypt, )
VICTOR MICHAEL GALAN CABELLON, )
a resident and citizen of the Philippines, )
AR-JAY PINEDA CAUSAPIN, a resident )
and citizen of the Philippines, )
NINO DELA TORRE HERMONO, a )
resident and citizen of the Philippines, )
JEMAR BACASON SESCON a resident and )
citizen of the Philippines, )
SAGIT GAFAR, a resident and citizen of )
Romania )
)
    *Petitioners,* )
)
v. )
)
KEVIN K. MCALEENAN, Commissioner of )
the United States Customs and Border )
Protection, )
)
and )
)
UNITED STATES COAST GUARD, a )
branch of the United States Armed Forces, )
)
    *Respondents* )

## PETITION FOR WRITS OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

    1.    The *M/T EVRIDIKI* is a vessel of the Republic of Liberian registry that arrived in the port of Wilmington and the Delaware River on or about March 11, 2019.

2.      Petitioner Nikolaos Katsolis, is married with one child.  He is, and at all relevant times was, a resident and citizen of the Hellenic Republic, commonly known as Greece. Petitioner has been and is a crew member, the Master, on the *M/T EVRIDIKI*.

3.      Petitioner Panagiotis Mathesis is married.  He is, and at all relevant times was, a resident and citizen of the Hellenic Republic, commonly known as Greece. Petitioner has been and is a crew member, the Chief Officer, on the *M/T EVRIDIKI*.

4.      Petitioner Edward Barnachea Flores is married with two children.  He is, and at all relevant times was, a resident and citizen of the Philippines. Petitioner has been a crew member, a 2nd officer, on the *M/T EVRIDIKI*.

5.      Petitioner Richard Dagasdas Cabarubias is married.  He is, and at all relevant times was, a resident and citizen of the Philippines. Petitioner has been and is a crew member, a 2nd officer, on the *M/T EVRIDIKI*.

6.      Petitioner Spyros Adramitoglou is single.  He is, and at all relevant times was, a resident and citizen of the Hellenic Republic, commonly known as Greece. Petitioner has been and is a crew member, a 2nd officer, on the *M/T EVRIDIKI*.

7.      Petitioner Nikolaos Bogiakis is single.  He is, and at all relevant times was, a resident and citizen of the Hellenic Republic, commonly known as Greece. Petitioner has been and is a crew member, a deck cadet, on the *M/T EVRIDIKI*.

8.      Petitioner Nikolaos Vastardis is married with two children.  He is, and at all relevant times was, a resident and citizen of the Hellenic Republic, commonly known as Greece. Petitioner has been and is a crew member, the Chief Engineer, on the *M/T EVRIDIKI*.

9.      Petitioner Nilo Ganadillo Luneta is married with two children.  He is, and at all relevant times was, a resident and citizen of the Philippines. Petitioner has been and is a crew member, the 2nd engineer, on the *M/T EVRIDIKI*.

10.     Petitioner Aly Hassan Refaey Hassan is married with three children.  He is, and at all relevant times was, a resident and citizen of the Arab Republic of Egypt. Petitioner has been and is a crew member, a 3rd engineer, on the *M/T EVRIDIKI*.

11.     Petitioner Dennis Librando Villon is married with a child.  He is, and at all relevant times was, a resident and citizen of the Philippines. Petitioner has been and is a crew member, a 3rd engineer, on the *M/T EVRIDIKI*.

12.     Petitioner Stavros Lymperis is single.  He is, and at all relevant times was, a resident and citizen of the Hellenic Republic, commonly known as Greece. Petitioner has been and is a crew member, a 3rd engineer, on the *M/T EVRIDIKI*.

13.     Petitioner Juanito Dumapay Sta. Maria is a widower with two children.  He is, and at all relevant times was, a resident and citizen of the Philippines. Petitioner has been and is a crew member, a 3rd engineer, on the *M/T EVRIDIKI*.

14.     Petitioner Marius-Octavian Diudea-Sinea is married with a child.  He is, and at all relevant times was, a resident and citizen of Romania. Petitioner has been and is a crew member, an electrician, on the *M/T EVRIDIKI*.

15.     Petitioner Chrysostomos Pagonis is married with a child.  He is, and at all relevant times was, a resident and citizen of the Hellenic Republic, commonly known as Greece. Petitioner has been and is a crew member, a pumpman, on the *M/T EVRIDIK*.

16.     Petitioner Leo Abuan Laigo is married with three children.  He is and at all relevant times was, a resident and citizen of the Philippines. Petitioner has been and is a crew member, a bosun, on the *M/T EVRIDIKI*.

17.     Petitioner Lester Balog Marasigan is married with a child and is.  He is, and at all relevant times was, a resident and citizen of the Philippines. Petitioner has been and is a crew member, an able seaman, on the *M/T EVRIDIKI*.

18.     Petitioner Norman Arbol Melgazo is married.  His wife is expecting their first child.  He is, and at all relevant times was, a resident and citizen of the Philippines. Petitioner has been and is a crew member, an able seaman, on the *M/T EVRIDIKI*.

19.     Petitioner Ronilo Salazar Sevilla is married with two children.  He is, and at all relevant times was, a resident and citizen of the Philippines. Petitioner has been and is a crew member, an able seaman, on the *M/T EVRIDIKI*.

20.     Petitioner Lope Constantino Torres is married with two children.  He is, and at all relevant times was, a resident and citizen of the Philippines. Petitioner has been and is a crew member, an able seaman, on the *M/T EVRIDIKI*.

21.     Petitioner Christian Los Banes Anguring is single.  He is, and at all relevant times was, a resident and citizen of the Philippines.  Petitioner has been and is a crew member, an ordinary. seaman, on the *M/T EVRIDIKI*.

22.     Petitioner John Kirby Noval Doldolea is single.  He is and at all relevant times was a resident and citizen of the Philippines.  Petitioner has been and is a crew member, an ordinary seaman, on the *M/T EVRIDIKI*.

23.     Petitioner Den Israel Mahilac Sarong is single.  He is, and at all relevant times was, a resident and citizen of the Philippines.  Petitioner has been and is a crew member, a deck boy, on the *M/T EVRIDIKI*.

24.     Petitioner Jess Tornea Bendicio is single.  He is, and at all relevant times was, a resident and citizen of the Philippines.  Petitioner has been and is a crew member, a deck boy, on the *M/T EVRIDIKI*.

25.     Petitioner Mark Anthony Suarnaba Juelar is single.  He is, and at all relevant times was, a resident and citizen of the Philippines.  Petitioner has been and is a crew member, a deck boy, on the *M/T EVRIDIKI*.

26.     Petitioner Zaldy Laresma Regadillo is married with two children.  He is, and at all relevant times was, a resident and citizen of the Philippines.  Petitioner has been and is a crew member, an oiler, on the *M/T EVRIDIKI*.

27.     Petitioner Marlon Caringal Agbing is married with two children.  He is, and at all relevant times was, a resident and citizen of the Philippines.  Petitioner has been and is a crew member, a wiper, on the *M/T EVRIDIKI*.

28.     Petitioner Felmar Valencia Sanchez is single.  He is, and at all relevant times was, a resident and citizen of the Philippines.  Petitioner has been and is a crew member, a wiper, on the *M/T EVRIDIKI*.

29.     Petitioner Abdou Shehata Bahnassi Ashraf is married with two children.  He is, and at all relevant times was, a resident and citizen of the Arab Republic of Egypt. Petitioner has been and is a crew member, the cook, on the *M/T EVRIDIKI*.

30.     Petitioner Victor Michael Galan Cabellon is married with two children.  He is, and at all relevant times was, a resident and citizen of the Philippines. Petitioner has been and is a crew member, an assistant cook, on the *M/T EVRIDIKI*.

31.     Petitioner Ar-Jay Pineda Causapin is single.  He is, and at all relevant times was, a resident and citizen of the Philippines.  Petitioner has been and is a crew member, an assistant cook, on the *M/T EVRIDIKI*.

32.     Petitioner Nino Dela Torre Hermono is married with two children.  He is, and at all relevant times was, a resident and citizen of the Philippines. Petitioner has been and is a crew member, a messman, on the *M/T EVRIDIKI*.

33.     Petitioner Jemar Bacason Sescon is single.  He is, and at all relevant times was, a resident and citizen of the Philippines. Petitioner has been and is a crew member, a messman, on the *M/T EVRIDIKI*.

34.     Petitioner Sagit Gafar is married with a child.  He is, and at all relevant times was, a resident and citizen of the Arab Republic of Egypt.  Petitioner has been and is a crew member, an able seaman, on the *M/T EVRIDIKI*.

35.     Respondent Kevin K. McAleenan is the Commissioner of U.S. Customs and Border Protection (hereinafter "CBP").

36.     Respondent United States Coast Guard ("USCG" or "Coast Guard") is a branch of the United States Armed Forces and is under the command of Admiral Paul F. Lukunft.

37.     The respondents are holding Petitioners in custody by a series of decisions and actions, and they apparently plan to hold them for months or more.  The respondents' decisions and actions to keep Petitioners include detaining them under guard onboard the *M/V EVRIDIKI*, prohibiting the *EVRIDIKI* from leaving the port, and demanding an Agreement on Security by which the Petitioners' employer, in order to secure the release of its vessel, has been asked to leave eleven of the Petitioners behind in the port as human collateral for the release of the *EVRIDIKI*, failing which respondents have asserted the vessel will never be allowed to depart. The draft Agreement on Security the petitioners have demanded is attached hereto as **EXHIBIT A**.

38.     The Coast Guard has asserted in writing that the *EVRIDIKI* may be liable *in rem* for fines associated with suspected violations of MARPOL, a multi-national convention to control pollution from ships and the Act to Prevent Pollution from Ships, or "APPS," the United States statute implementing MARPOL, 33 U.S.C. §§1901-1915.  MARPOL contemplates enforcement through the MARPOL Administration, which is the nation party with which the vessel is registered.  Section 1908 of APPS provides that vessels liable for fines imposed under APPS may be detained and sold to satisfy fines imposed under APPS fines.  Accordingly, the section also provides that such ships may be released only upon "sufficient surety."  However, no provision allows any government officials to hold or sell people to satisfy such fines or to hold them as human collateral for the release of any vessel.

7

39.     The petitioners have told their employer and the United States that they object to being pledged as human collateral under the proposed Agreement on Security, but neither their employer nor the respondents have responded.  The petitioners do not know whether some or any of them will be pledged as human collateral.[1]

40.      The draft agreement on security would require the vessel's owner and manager to require that eleven of the Petitioners to disembark the vessel to be left behind in the port when the vessel sails.  The draft also provides, however, that the vessel may not depart until the United States Customs and Border Protection grants the immigration status necessary to allow the eleven crewmembers demanded as human collateral to enter the United States.

41.     The Petitioners understand and believe therefore that if those demanded as human collateral do not disembark the vessel and surrender their passports to be held as human collateral, none of the Petitioners will be allowed off the vessel and they will be detained indefinitely onboard the vessel.  Respondents have insisted the vessel may not leave if the Petitioners to be pledged as human collateral do not disembark.

42.     None of the crewmembers have been allowed off the vessel since she arrived in the United States, even though all but one of them (Mr. Luneta) holds a valid United States visa. Mr. Luneta's visa expired last fall. He expects to renew it.

43.     Petitioners were onboard the vessel at anchorage until March 20, 2019, when the vessel was allowed to dock in Philadelphia to discharge cargo.  At that time CBP personnel came on board and stated, in effect, that at the request of the Coast Guard the entire crew was being denied entry and was detained onboard.

---

[1] After Petitioners verified this petition they learned their employer and the Coast Guard have now executed the Agreement on Security.  So their employer has agreed the vessel will not depart the United States until eleven of them disembark and are parole in the United States.

44.    Even before the CBP personnel came onboard, the respondents posted a guard on the vessel to detain the Petitioners.

45.    After discharging cargo, the vessel was directed by respondents to the Big Stone Anchorage off Lewes, Delaware, where she has sat continuously since March 21, 2019.

46.    Each Petitioner believes and alleges the Coast Guard is holding him in the middle of the Delaware Bay, which makes it difficult for him to petition this honorable Court or his nation's embassy or consular office for his liberty or for assistance in gaining liberty.

47.    Each Petitioner holds a valid passport from his home country, with a United States visa, expect for Petitioner Luneta, who does not hold a United States Visa.  Each Petitioner regularly calls on U.S. ports.

48.    Most of Petitioners are married.  Twenty of them are fathers.  Attached hereto as **EXHIBIT B** is a Crew List that includes the marital status, nationality, number of children, and other information about each Petitioner.

49.    Absence from their homes and the uncertainty concerning how long they will be held, either because they are pledged as collateral for the vessel's release or because those demanded as collateral exercise their right to refuse to be posted as human collateral, has added immensely to Petitioners' stress and to the stress of their families.

50.     The contracts of employment of Petitioners Cabarubias, Villon, Anguring, Bendicio and Cabellon have expired.  Arrangements ordinarily would have been made, through the vessel's agent, for these Petitioners to fly from Philadelphia to their home countries.  Through Counsel, each of those Petitioners requested that he be allowed off the vessel. Each was denied such permission, without explanation.  No arrangements for their return have been made.

51.    After the Coast Guard identified the crewmembers it demands as human collateral, demanding only Petitioner Villon of the Petitioners referenced in the preceding paragraph, counsel for the petitioners again requested that, at the very least, each of Petitioners

Cabarubias, Anguring, Bendicio and Cabellon be released from the government's custody.  The

Petitioners believe that arrangements may be made for their release and that process is or may be

ongoing, but as of this date no such arrangements had been made.

52.     Petitioners are in custody under or by color of the authority of the United States,

within the meaning of 28 U.S.C. § 2241(c), as shown by, *inter alia*, the following facts:  CBP has

formally detained each of them on board the vessel at the request of the Coast Guard.  When the

vessel was docked, a security guard was posted on the vessel to prohibit any of the Petitioners

from disembarking.  The CBP has instructed the vessel's Captain that the entire crew is detained

onboard and is prohibited from disembarking.  The Coast Guard has provided formal notice to

the vessel, her owners and the Captain that it may not leave the port until arrangements for

security are made.  A copy of that letter is attached as **EXHIBIT C**.  Thereafter the Coast Guard

insisted that the security for the release of the vessel must include eleven of the Petitioners, none

of whom wished to serve as human collateral for the release of a vessel, although each would

give prompt testimony if requested.

53.     Based on the foregoing, the Petitioners easily satisfy the "custody" requirement,

which has been expanded to include anyone "subject to restraints 'not shared by the public

generally.'"  *See Hensley v. Municipal Court*, 411 U.S. 345, 351 (1973); *Jones v. Cunningham*,

371 U.S. 236, 240 (1963).  This extension "has likewise applied to habeas actions arising from

immigration cases."  *Galaviz-Medina v. Wooten*, 27 F.3d 487, 493 (10th Cir. 1994), *cert. denied*,

513 U.S. 1086 (1995); *see also Subias v. Meese*, 835 F.2d 1288 (9th Cir. 1987) (petitioner

detained in Mexico by U.S. authorities was in custody for habeas corpus purposes).  Indeed, the

Supreme Court has long ago established that restraint pursuant to an exclusion or deportation

order constitutes "custody" for purposes of federal habeas corpus jurisdiction.  *See United States*

*v. Jung Ah Lung*, 124 U.S. 621, 626 (1988); *Nishimura Ekiu v. United States*, 142 U.S. 651, 660

(1892) ("An alien immigrant, prevented from landing by any such officer claiming authority to

do so under an act of Congress, and thereby restrained of his liberty, is doubtless entitled to a writ of habeas corpus to ascertain whether the restraint is lawful.").

54.     Petitioners, through counsel, have repeatedly implored CBP officials, Coast Guard officers and DOJ lawyers to release the Petitioners and to allow them to return to their respective families or at least to explain the legal basis for seizing, detaining and arresting the Petitioners.  Petitioners have also objected to the proposal that some of them be held as human collateral for the release of the vessel.  Respondents have not responded to those demands and requests or explained their refusal to consult with Petitioners or their counsel.

55.     Petitioners' imprisonment on board the *M/V EVRIDIKI* is arbitrary, capricious, unrelated to any legitimate governmental purpose, and unauthorized by law.  Section 212 of the Immigration and Nationality Act exhaustively spells out the grounds for denying an alien admission to this country.  *See* 8 U.S.C. § 1182.  Petitioners fall under none of these categories (*e.g.*, they are not sick, criminal, polygamous, associated with terrorism, etc.).  *See* 8 C.F.R. § 235.1(f).  All but one of Petitioners had proper documentation to enter the United States.  Moreover, CBP has not provided any notice that any Petitioner meets any of the section 1182(a) tests for exclusion, as required by INA section 1182(b).  No Petitioner presents any valid immigration concern.  None seek to enter the United States for any purpose other than to depart. Petitioners simply desire either to leave on the vessel or to fly home to attend to their families.

56.     Even if there were any statutory basis for Petitioners' incarceration, a "statute permitting indefinite detention of an alien would raise a serious constitutional problem." *Zadvydas v. Davis*, 533 U.S. 678, 690, 699 (2001); *see Nadarajah v. Gonzales*, 443 F.3d 1069, 1076-78 (9th Cir. 2006).  This is especially so where the alien arrived lawfully and is being detained either as human collateral for the release of a vessel or because those demanded as human collateral insist they cannot lawfully be so demanded, pledged or held.  Petitioners are being denied their basic liberty without due process of law, in violation of the Fifth Amendment

to the United States Constitution.  Under Supreme Court jurisprudence, all persons within the

territory of the United States are entitled to due process of law, including aliens.  *Wong Wing v.*

*United States*, 163 U.S. 228, 238 (1896); *see also United States v. Valsys*, 524 U.S. 666, 671

(1998); *Landon v. Plasencia*, 459 U.S. 21, 32-33 (1981); *Kwong Hai Chew v. Colding*, 344 U.S.

590, 596 (1953).  Indeed, "aliens, both legal and illegal, are entitled to due process."  *Cholak v.*

*United States*, 1998 U.S. Dist. LEXIS 7424, *18 (E.D. La. May 15, 1998), *citing Mathews v.*

*Diaz*, 426 U.S. 67, 77 (1976); *Plyler v. Doe*, 457 U.S. 202, 210 (1982).  An alien's right to due

process of law is the most significant check on the executive branch's "plenary" power over

aliens.  *See Hermanowski v. Farquharson*, 39 F. Supp. 2d 148, 156 (D.R.I. 1999) ("The power of

executive branch officers to detain aliens pending deportation pursuant to a statutory grant of

authority is not without limits.  This power, like most powers of government, is subject to the

counter-weight of due process").

57.     It is obvious that "detention is a deprivation of liberty."  *Nguyen v. Fasano*, 84 F.

Supp. 2d 1099, 1110 (S.D. Cal. 2000).  Indeed, "freedom from physical restraint 'has always

been at the core of liberty protected by the Due Process Clause from arbitrary government

action.'"  *Kansas v. Hendricks*, 521 U.S. 346, 356 (1997), *quoting Foucha v. Louisiana*, 504 U.S.

71, 80 (1992).  "In our society liberty is the norm, and detention prior to trial or without trial is

the carefully limited exception."  *United States v. Salerno*, 481 U.S. 739, 755 (1987).

58.     At a minimum, the government must establish that Petitioners' detention is

reasonably justified by, and narrowly tailored to, a compelling governmental interest.  *See Schall*

*v. Martin*, 467 U.S. 253, 268-69 (1984).[2]

---

[2]  One court described the process of determining whether a given detention is unconstitutional
as follows:

   In detention cases, to determine whether a deprivation of liberty is impermissible
   punishment or permissible regulation, the court must examine whether the deprivation of
   liberty is imposed for the purpose of punishment or in furtherance of regulatory goals;

59.     Neither the CBP nor the Coast Guard has a legitimate rationale.  Moreover, both the CBP and the Coast Guard have refused to provide any explanation to any of Petitioners for their ongoing detention or for the demand that they be held as human collateral for the release of their vessel.  Instead, the CBP and the Coast Guard have treated each Petitioner as mere chattel of his employer.

60.     As noted above, a relevant role of the CBP in granting or denying entry is to prevent entry of aliens who are sick, convicted criminals, polygamous, narcotics traffickers, associated with terrorism, engaged in human trafficking, or the like.  *See* 8 U.S.C. § 1182.  None of the Petitioners was denied entry for any such purpose.  Instead, the Petitioners allege and believe that they were denied entry so that they could be detained without judicial process and held by the CBP at the direction of the Coast Guard to facilitate a Coast Guard investigation into events the Coast Guard suspects may have occurred *outside* the United States.  Had the suspected events occurred the events would have violated only Liberian law. But Petitioners believe the government plans to hold them as expensive human collateral to leverage fines from their employer.  Although no statute authorizes the CBP to deny entry to lawfully-arriving aliens for the purpose of holding them to gain such leverage, the Petitioners understand, allege and believe

---

and if in furtherance of regulatory goals, whether the deprivation is excessive in relation
to the purpose for the deprivation.

*Nguyen*, 84 F. Supp. 2d at 1110.  Another federal court expounded on the procedure as follows:

As a general rule, government invasions of fundamental liberty interests are subject to
strict scrutiny review: a deprivation will comport with due process only if it is narrowly
tailored to serve a compelling government interest.  Applying this standard of review in
detention cases, courts consider whether the detention is "imposed for the purpose of
punishment or whether it is merely incidental to another legitimate governmental
interest."  This requires the Court to consider the constitutionality of the detention in light
of its purpose, and to ask whether the detention is based upon "permissible" regulatory
goals of the government and, if it is, whether the detention is excessive in relation to
those goals.

*Phan v. Reno*, 56 F. Supp. 2d. 1149, 1154 (W.D. Wash. 1999).

that the CBP routinely denies entry to and then detains seafarers at the request of the Coast

Guard to help the Coast Guard gain such leverage.  Frequently, such foreign seafarers are held

against their will with no judicial or due process of any kind for a year or more.

61.     The Coast Guard may contend that it seeks to prosecute violations of MARPOL,

the multi-national conventions intended to prevent high seas pollution.  Article 6(2) of

MARPOL, however, makes clear that if following an investigation a port state suspects high seas

violations "a report shall be forwarded to the Administration for appropriate action."  Under

MARPOL "the Administration" is the nation with which the vessel is registered.  The

Administration is required to disclose the corrective action taken to the reporting port state under

Article 6(4).  Under Article 10, a port state dissatisfied with the Administration's handling of a

suspected high seas violation is entitled to arbitrate the matter before the International Maritime

Organization.  To ensure that port state inspections will not unduly delay vessels and their crews,

Article 7(a) of MARPOL expressly provides that "all possible efforts shall be made to avoid a

ship being unduly detained or delayed under" the articles allowing for port state inspections.

Likewise, Article 7(b) provides that "when a ship is unduly delayed [under the articles allowing

such inspections] it shall be entitled to compensation for any loss or damage suffered."  The Act

to Prevent Pollution from Ships, 33 U.S.C. §§1901-1912, which implements MARPOL, is

consistent with these provisions.   It specifies that "the Act shall apply . . . [to foreign ships]

while in the navigable waters of the United States," 33 U.S.C. §1902(2), that port state

inspections under MARPOL are "limited to verifying whether or not a valid certificate [issued by

the flag state] is onboard, unless clear grounds exist which reasonably indicate that the condition

of the ship or its equipment does not substantially agree with the particulars of its certificate," 33

U.S.C. §1904(d), and that if a suspected violation is found the Secretary "shall take any

additional action required under Article 6 of" MARPOL, i.e. report to the Administration.

Moreover, APPS provides that "a ship unreasonably detained or delayed by the Secretary acting

under the authority of this Act is entitled to compensation for any loss or damage suffered thereby," 33 U.S.C. §§1904(h,), and that "any action taken under this Act shall be taken in accordance with international law" 33 USC §1912.

62.     Most fundamentally and regardless of whether the Coast Guard should be deferring to the MARPOL Administration, nothing in APPS or any other statute allows the Coast Guard to insist that crewmembers be held indefinitely or pledged as collateral for potential fines. To the contrary, when investigations are authorized by APPS, the Secretary has the authority to "issue subpoenas to require the attendance of any person" and may "request the Attorney General to invoke the aid of the district courts of the United States to compel compliance."  33 USC §1907(b).  Had Congress intended to grant the extraordinary power to hold crewmembers indefinitely (either as human collateral or otherwise) it would certainly have said so.  Instead, Congress made clear that the government msy resort to the courts to enforce subpoenas and gather information without unreasonably delaying ships or crews.

63.     In short, the Coast Guard's conduct in insisting that Petitioners be detained without judicial process and then pledged as human collateral not only fails to serve a legitimate governmental purpose, it is directly at odds with fundamental liberty and the procedures contemplated and prescribed by APPS.

WHEREFORE, each Petitioner requests this honorable Court to issue a Writ of Habeas Corpus requiring Respondents to release him and to enable him to return home and to grant such other and further relief as this Court deems just and proper.

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>                <u> /s/ Nikolaos Katsolis                </u>
                                        Nikolaos Katsolis

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Panagiotis Mathesis</u>
                                    Panagiotis Mathesis

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Edward Barnachea Flores</u>

Edward Barnachea Flores

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Richard Dagasdas Cabarubias</u>
                                         Richard Dagasdas Cabarubias

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Spyros Adramitoglou</u>
                                        Spyros Adramitoglou

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it

read to me, and the information in this Petition is true and correct.  I understand that a false

statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>                    <u>/s/ Nikolaos Bogiakis</u>
                                           Nikolaos Bogiakis

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it

read to me, and the information in this Petition is true and correct.  I understand that a false

statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 30, 2019    </u>                    <u>/s/ Nikolaos Vastardis           </u>
                                                 Nikolaos Vastardis

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it

read to me, and the information in this Petition is true and correct.  I understand that a false

statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>              <u>/s/ Nilo Ganadillo Luneta</u>

                                        Nilo Ganadillo Luneta

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Aly Hassan Refaey Hassan</u>
                              Aly Hassan Refaey Hassan

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>        <u>/s/ Dennis Librando Villon</u>
                                         Dennis Librando Villon

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>   <u>/s/ Stavros Lymperis</u>
            Stavros Lymperis

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Juanito Dumapay Sta.Maria</u>
                                      Juanito Dumapay Sta.Maria

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>           <u>/s/ Marius-Octavian Diudea-Sinea</u>
                                        Marius-Octavian Diudea-Sinea

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>           <u>/s/ Chrysostomos Pagonis</u>
                                             Chrysostomos Pagonis

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Leo Abuan Laigo</u>
                                Leo Abuan Laigo

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019      </u>              <u>/s/ Lester Balog Marasigan          </u>
                                             Lester Balog Marasigan

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: March 28, 2019                     /s/ Norman Arbol Melgazo
                                         Norman Arbol Melgazo

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Ronilo Salazar Sevilla</u>
                                     Ronilo Salazar Sevilla

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Lope Constantino Torres</u>
                                            Lope Constantino Torres

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Christian Los Banes Anguring</u>
                                       Christian Los Banes Anguring

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

DATE: <u>March 28, 2019</u>            <u>/s/ John Kirby Noval Doldolea</u>
                                                           John Kirby Noval Doldolea

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Den Israel Mahilac Sarong</u>
                                    Den Israel Mahilac Sarong

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>              <u>/s/ Jess Tornea Bendicio</u>
                                                            Jess Tornea Bendicio

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>            <u>/s/ Mark Anthony Suarnaba Juelar</u>
                                     Mark Anthony Suarnaba Juelar

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>            <u>/s/ Zaldy Laresma Regadillo</u>
                                      Zaldy Laresma Regadillo

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Marlon Caringal Agbing</u>
                                    Marlon Caringal Agbing

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Felmar Valencia Sanchez</u>
                                      Felmar Valencia Sanchez

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Abdou Shehata Bahnassi Ashraf</u>
                                    Abdou Shehata Bahnassi Ashraf

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019      </u>          <u>/s/ Victor Michael Galan Cabellon   </u>
                                          Victor Michael Galan Cabellon

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Ar-Jay Pineda Causapin</u>
                                        Ar-Jay Pineda Causapin


45

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

DATE: <u>March 28, 2019</u>          <u>/s/ Nino Dela Torre Hermono</u>
                                      Nino Dela Torre Hermono

## DECLARATION UNDER PENALTY OF PERJURY

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: March 28, 2019            /s/ Jemar Bacason Sescon
                                Jemar Bacason Sescon

**DECLARATION UNDER PENALTY OF PERJURY**

I declare under penalty of perjury that I am a Petitioner.  I have read this Petition or had it read to me, and the information in this Petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.


DATE: <u>March 28, 2019</u>          <u>/s/ Sagit Gafar</u>
                              Sagit Gafar

Dated: April 1, 2019

**BARNARD MEZZANNOTTE PINNIE
AND SEELAUS, LLP**

**Of counsel:**

Edward S. MacColl (*pro hac vice* in progress)
**Thompson, MacColl & Bass, LLC, P.A.**
15 Monument Square, 4th Floor
P.O. Box 447
Portland, ME  04112-0447
(207) 774-7600
(for all Petitioners other than
Nikolaos Vastardis)
emaccoll@thomport.com

Bruce M. Merrill (*pro hac vice* in progress)
**Law Offices of Bruce M. Merrill, P.A.**
225 Commercial Street/Suite 501
Portland, ME  04101
(207) 775-3333
(for Petitioner Nikolaos Vastardis only)
mainelaw@maine.rr.com

/s/ Anne Kai Seelaus
Anne Kai Seelaus (Bar No. 4970)
222 Delaware Ave., 7th Floor
P.O. Box 26304
Wilmington, DE  19899
Telephone: (302) 552-2939
Facsimile:  (302) 574-7401
kseelaus@bmplaw.net
*Attorneys for all Petitioners*